```
 1
 2
 3
 4
 5
 6
 7
 8
 9                 IN THE UNITED STATES DISTRICT COURT
10                FOR THE EASTERN DISTRICT OF CALIFORNIA
11                                    )
12  ID MARKETING, INC.,                )   2:05-cv-2357-GEB-KJM
                                       )
13                  Plaintiff,         )
                                       )   STATUS (PRETRIAL
14             v.                      )   SCHEDULING) ORDER
                                       )
15  MARC BOAZ; AMERICAN MARKETING &    )
    MAILING SERVICES, INC.; and        )
16  CHARLES G. CHATELAIN,              )
                                       )
17                  Defendants.        )
                                       )
18
```

19         The status (pretrial scheduling) conference scheduled in
20  this case for March 20, 2006, is vacated since the joint status report
21  ("JSR") submitted by the parties indicates that the following Order
22  should issue.

23         SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT
24         No further service is permitted, except with leave of Court,
25  good cause having been shown.
26         No further joinder of parties or amendments to pleadings is
27  permitted, except with leave of Court, good cause having been shown.
28  /////

## DISCOVERY

All discovery shall be completed by February 16, 2007. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before September 18, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before October 18, 2006.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 16, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for June 11, 2007, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle

3

one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  claim for relief or defense in whole or in part, or affirmative matter
2  not set forth in [the pretrial statement] shall be deemed . . .
3  withdrawn, notwithstanding the contentions of any pleadings or other
4  papers previously filed [in the action]").
5       <u>If possible, at the time of filing the joint pretrial
6  statement counsel shall also email it in a format compatible with
7  WordPerfect to: geborders@caed.uscourts.gov</u>.
8                              TRIAL SETTING
9       Trial is set for September 11, 2007, commencing at 9:00 a.m.
10                             MISCELLANEOUS
11      The parties are reminded that pursuant to Federal Rule of
12 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**
13 **not be modified except by leave of Court upon a showing of good cause.**
14 **Counsel are cautioned that a mere stipulation by itself to change**
15 **dates does not constitute good cause**.
16      IT IS SO ORDERED.
17 Dated:  March 16, 2006

                                    <u>/s/ Garland E. Burrell, Jr.</u>
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge