IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ID MARKETING, INC., ) | 2:05-cv-2357-GEB-KJM |
| Plaintiff, ) | |
| ) | ORDER[*] |
| v. ) | |
| MARC BOAZ; AMERICAN MARKETING & ) MAILING SERVICES, INC.; and ) CHARLES G. CHATELAIN, ) | |
| Defendants. ) | |

Defendants Charles G. Chatelain ("Chatelain") and American Marketing & Mailing Services, Inc., ("AMMS") each move to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff opposes the motions.

BACKGROUND

Plaintiff is a California corporation with its principal place of business in Rocklin, California. (Compl. ¶¶ 5-6; Hogan Decl. ¶ 5.) Plaintiff performs direct mailing services, primarily for automobile dealers, throughout the United States. (Hogan Decl. ¶ 3.)

---

[*] These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  For large orders that entail "extremely voluminous" mailings,
2  Plaintiff hires a "mail house" to perform the actual printing and
3  mailing.  (Compl. ¶ 16.)
4         AMMS is a "mail house" Plaintiff frequently hired.  (Hogan
5  Decl. ¶ 4; Fest Supp. Decl. ¶ 3.)  AMMS is a Florida corporation.
6  (Compl. ¶ 16.)  On more than one hundred and twenty-five occasions
7  AMMS printed and mailed advertisements for Plaintiff.  (Hogan Decl. ¶
8  5.)  On at least thirty-five occasions, AMMS printed advertisements
9  for California automobile dealerships and subsequently mailed the
10 advertisements to California residents.  (Id. ¶¶ 6-7.)  Over a three-
11 year period, AMMS charged Plaintiff approximately one million dollars
12 for its services.  (Id. ¶ 5.)
13        Plaintiff's business is specialized and highly competitive.
14 (Compl. ¶ 11.)  In order to promote its business, Plaintiff employs
15 salespersons who contact automobile dealers and offer to mail
16 advertisements on behalf of the dealer to potential customers who
17 reside in the vicinity of the dealership.  (Hogan Decl. ¶¶ 3, 6-7.)
18 If a dealer expresses interest in the offer, the salesperson sends a
19 proposal to the dealer for review.  (Compl. ¶ 15.)  If the dealer does
20 not approve the proposal within a specified time frame, the proposal
21 expires and Plaintiff performs no further work.  (Id. ¶ 15.)  However,
22 if the dealer approves the proposal, the salesperson generates a final
23 contract, which the dealer signs and returns.  (Id. ¶ 16.)  After
24 receiving the signed contract, Plaintiff drafts an advertisement,
25 selects the potential customers to receive the advertisement, and
26 verifies the printing and mailing of the advertisement.  (Hogan Decl.
27 ¶¶ 3-4.)
28

In mid-August 2005, an employee of Plaintiff, Defendant Marc Boaz ("Boaz"), created a proposal for a potential customer located in Hobbs, New Mexico. (Compl. ¶ 17.) Plaintiff alleges that Boaz deceived the potential customer to believe it was contracting with Plaintiff for its services, when in fact Boaz had created his own purchase agreement using Plaintiff's marks. (Id. ¶¶ 9, 17.) Plaintiff further alleges Boaz agreed with Chatelain, an officer and director of AMMS, to have AMMS do the printing and mailing required to fill the customer's order without Plaintiff's knowledge. (Id. ¶¶ 9, 17-18.) The customer sent a check for $15,679.00 to AMMS for the mailing. (Id. ¶ 19.) Plaintiff alleges that Defendants split the proceeds from this transaction. (Id. ¶ 20.)

### DISCUSSION

Plaintiff has the burden of establishing personal jurisdiction over each Defendant; however, Plaintiff "need only make a prima facie showing of jurisdiction where, as here, the district court did not hear testimony or make findings of fact." Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). "In determining whether [Plaintiff] has met [its] burden [of making a prima facie showing], uncontroverted allegations in [Plaintiff's] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor . . . .'" Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (quoting WNS Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

Whether a nonresident defendant may be subjected to suit in a particular forum depends "upon two inquiries: (1) whether a state statute of the forum confers personal jurisdiction over the

3

nonresident defendant and (2) whether the exercise of jurisdiction accords with federal constitutional principles of due process." <u>Flynt Distrib. Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 1984). "California's long-arm permits the exercise of jurisdiction to the limits of due process. Thus . . . analysis of personal jurisdiction under California's long-arm and the Constitution collapse into one, and [the Court need only] consider . . . whether the exercise of jurisdiction over [a Defendant] comports with due process." <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d 1114, 1123 (9th Cir. 2002) (citing Cal. Civ. Proc. Code § 410.10).

"Constitutional due process is satisfied when a non-resident defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Depending on the nature of a foreign defendant's contacts with the forum, a federal court may obtain either specific or general jurisdiction over him." <u>Id.</u> (citations and punctuation omitted). Plaintiff contends the Court may exercise specific jurisdiction over Defendants because "[Plaintiff's] cause[s] of action arise[] out of or ha[ve] a substantial connection to [Defendants'] contacts with [California]." <u>Glencore</u>, 284 F.3d at 1123 (citation omitted).

Whether specific jurisdiction exists is determined by a three-part test: "(1) [] the defendant purposefully availed himself of the privileges of conducting activities in the forum, (2) [] the claim arises out of or results from the defendant's forum-related activities, and (3) [] the exercise of jurisdiction is reasonable." <u>Id.</u> "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law."

4

Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

I.  Purposeful Availment

"When an intentional tort claim is asserted, purposeful availment of the privilege of conducting activities in the forum state can be met by the purposeful direction of a foreign act having effect in the forum state." CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1111 (9th Cir. 2004). "Th[is] effects test is satisfied if the defendant (1) commits an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state." Id.

Plaintiff had a three-year business relationship with AMMS and Chatelain. (Hogan Decl. ¶ 5.) Plaintiff alleges that in 2005 AMMS and Chatelain "agreed to do the printing and mailing with full knowledge that [] Boaz was defrauding the customer into believing the mailing was being done through [Plaintiff] when it was not." (Compl. ¶ 18.) Plaintiff alleges that after completing the mailing, AMMS and Chatelain received payment directly from the customer and then split the proceeds with Boaz. (Id. ¶ 20.) AMMS's and Chatelain's acts were allegedly committed with an intent to deceive Plaintiff's customers for their own benefit, while knowing it would adversely affect Plaintiff's business. (Compl. ¶¶ 18-20.)

Based on the nature of the parties' relationship and the allegations in the Complaint, AMMS and Chatelain "had every reason to know that the effect of the transactions [with Boaz and the misinformed customer] would resonate in [California]." CE Distrib., LLC, 380 F.3d at 1111. Because AMMS and Chatelain intentionally engaged in conduct that was directed at Plaintiff in California, the

primary effect of which they knew would be felt in California, they "purposefully availed" themselves to California. Id.

### II. "Arises out of"

The "arises out of" portion of the test is "met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." Terracom, 49 F.3d at 561. But for AMMS and Chatelain "agreeing to do the printing and mailing with full knowledge that [] Boaz was defrauding the customer into believing the mailing was being done through [Plaintiff] when it was not," and splitting the proceeds therefrom with Boaz, Plaintiff's claims for conversion and intentional interference with prospective economic advantage would not have arisen. Therefore, the second prong of the specific jurisdiction test is satisfied.

### III. Reasonableness

The reasonableness portion of the test is presumed satisfied upon a showing that a defendant purposefully directed his activities at forum residents unless the defendant overcomes this presumption by presenting a compelling case that jurisdiction would be unreasonable. Haisten v. Grass Valley Med. Reimb. Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). Neither AMMS or Chatelain has presented a compelling case that the exercise of would be unreasonable.

Since the present record reveals that specific jurisdiction may be exercised over Plaintiff's conversion and intentional interference claims, it must be determined whether it is "appropriate to assume jurisdiction over [Plaintiff's] other claim[s] under principles analogous to the doctrine of pendent jurisdiction." Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). The issue is whether all Plaintiff's claims "arise[] out

of a common nucleus of operative facts with [the] claim[s over which specific jurisdiction exists.]" <u>Action Embroidery v. Atlantic Embroidery</u> 368 F.3d 1174, 1180 (9th Cir. 2004) (citations omitted).

Plaintiff's other claims are for RICO violations, trademark infringement, false designation of origin, breach of contract, negligent interference with prospective economic advantage, unfair competition, and breach of the duty of loyalty.  These claims are all based on Defendants' alleged scheme and agreement to deceive one of Plaintiff's potential customers into believing it was conducting business with Plaintiff when in fact it was not.  Since all of Plaintiff's claims arise from a common nucleus of fact, the claims over which specific jurisdiction exists serve as the basis for the exercise of pendent personal jurisdiction over Plaintiff's other claims.  Therefore, personal jurisdiction will be exercised over all Plaintiff's claims, and the motions to dismiss for lack of personal jurisdiction are denied.

IT IS SO ORDERED.

Dated:  June 6, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge